IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ADA L. ANDERSON,

    Plaintiff,

v.                                                                                    Case No. 15-2254

CONCORDE CAREER COLLEGES, INC. and
THE TABEN GROUP, L.C.,                                         **JURY DEMANDED**

    Defendants.

**COMPLAINT**

    COMES NOW Plaintiff Ada L. Anderson ("Ms. Anderson") and files this complaint against her former employer Defendant Concorde Career Colleges, Inc. ("Concorde") seeking to redress the deprivation of rights guaranteed to Plaintiff under the Family and Medical Leave Act of 1993 ("FMLA"), as codified at 29 U.S.C. §§ 2601 *et seq.* and against Concorde and Defendant The Taben Group, L.C. ("Taben Group") for deprivation of rights guaranteed under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161-1169. Plaintiff also files this complaint against Concorde for racial discrimination in violation of 42 U.S.C. § 1981 of the Civil Rights Act of 1866. In support, Plaintiff would state as follows:

**I. JURISDICTION**

1.    This Court has original jurisdiction of Plaintiff's claims under the FMLA, COBRA, and 42 U.S.C. § 1981 pursuant to 28 U.S.C. § 1331. The Court also has jurisdiction to adjudicate Plaintiff's FMLA claims under 29 U.S.C. § 2617(a)(2).

## II. PARTIES

2. Plaintiff Ada L. Anderson is a female African-American citizen of the United States and at all pertinent times herein has resided and worked in Memphis, Tennessee.

3. Defendant Concorde Career Colleges, Inc. ("Concorde") owns and operates proprietary, postsecondary institutions that offer vocational career training for careers in healthcare. Concorde is headquartered in Mission, Kansas. Concorde operates sixteen campus locations in eight states, including the campus where Plaintiff was employed at 5100 Poplar Ave., Suite 132, Memphis, Tennessee 38137.

4. Defendant The Taben Group, L.C. is a Kansas corporation with its principal corporate office in Overland, Kansas and does business in the State of Tennessee. Taben Group is the plan administrator for Concorde's health benefits plan.

## III. STATEMENT OF FACTS

### A. FMLA VIOLATION

5. Pursuant to 29 U.S.C. § 2611(2)(A)(ii), Ms. Anderson is an "eligible employee" as the term is defined under the Family and Medical Leave Act of 1993 since she was employed by Defendant Concorde Career Colleges, Inc. beginning on or about October 15, 2013 and worked more than 1,250 hours within the preceding twelve (12) month period prior to her termination on or about January 9, 2015. Ms. Anderson also worked for Concorde at a location that employed 50 or more employees within 75 miles.

6. Pursuant to 29 U.S.C. § 2611(4)(A)(i), Concorde is an "employer" as the term is defined under the FMLA because Concorde is engaged in commerce or an industry or activity affecting commerce and has employed more than fifty (50) employees for each working day

during each of twenty (20) or more calendar workweeks in the current or preceding calendar year.

7. Ms. Anderson began work for Concorde as a Medical Instructor on or about October 15, 2013. In her more than a year of employment, Ms. Anderson was regarded as a strong employee who received solid performance evaluations.

8. On Sunday, December 14, 2014, Ms. Anderson's husband suffered severe heart issues and was admitted to the hospital. On the same day, Ms. Anderson contacted her supervisor, Ms. Sandy Johnson, and informed her that she would not be at work the following day because of her husband's serious health condition.

9. Over the next several days, Ms. Anderson provided her supervisor with regular updates as to her husband's health and continued treatment in the hospital and her inability to come to work as a result of his condition. Mr. Anderson's medical condition constituted a serious health condition as the term is defined under the FMLA and its implementing regulations. *See* 29 C.F.R. § 825.113. Ms. Anderson was entitled to FMLA leave to provide care, including psychological comfort and assurance, to her husband for the treatment of his serious health condition. *See* 29 C.F.R. § 825.124(a).

10. On December 17, 2014, Ms. Johnson called Ms. Anderson and informed her that she needed documentation of Ms. Anderson's husband being in the hospital, which Ms. Anderson subsequently provided. Ms. Johnson also stated that she could not be with her mother who was in the hospital, implying that Ms. Anderson was getting a benefit that Ms. Johnson was not even allowing herself to take. Ms. Johnson also stated that Ms. Anderson's leave was putting extreme stress on the department and she needed Ms. Anderson to show teamwork. Ms. Johnson

asked Ms. Anderson to come in the following day and teach one of two four hour blocks.  Ms. Anderson responded that she would try to teach the afternoon four hour block.

11. On December 18, 2014, Ms. Anderson called Ms. Johnson and informed her that she would not be able to teach the class because she needed to be with her husband.  Ms. Anderson apologized and said she would come in after-hours to enter grades.  Ms. Johnson told her that the campus president, Tommy Stewart, stated that Ms. Anderson needed to apply for FMLA.  As Ms. Anderson had already provided requested documents to Ms. Johnson, she believed no other action needed to be taken on her part.

12. Shortly thereafter, Ms. Anderson received news from the doctor that her husband would require emergency open heart surgery the following morning and would be transported to another hospital immediately.  Nevertheless, Ms. Anderson came into work that night from 10:30 p.m. until 1:30 a.m. as promised to enter grades.  Ms. Anderson's husband underwent surgery the next morning at 8:00 a.m.

13. Thereafter, Ms. Anderson kept in regular contact with Ms. Johnson about her husband's condition and her inability to work so that she could provide care for him.

14. On January 2, 2015, Ms. Anderson emailed Ms. Johnson and inquired as to whether Ms. Johnson had requested the FMLA paperwork that they discussed on December 18, 2015.

15. On January 5, 2015, Ms. Anderson went to work and spoke to Ms. Johnson.  She informed Ms. Johnson that she had not heard from anyone regarding FMLA leave.  Ms. Johnson then gave her a post-it note with the name, number, and email address of Beth Knight, who could assist her with the FMLA process at Concorde.  Ms. Johnson told Ms. Anderson to wait at home

until Ms. Knight contacted her.

16. On the same day, Ms. Anderson emailed Ms. Knight and requested FMLA leave. Ms. Knight responded by email that she could not find Ms. Anderson's name in the system and asked if her employment could be under a different name. Ms. Anderson responded to the email with her full name.

17. On January 7, 2015, Ms. Anderson attempted to follow-up with Ms. Knight and called her on the telephone. Ms. Knight did not answer, so Ms. Anderson left a voicemail message regarding her need for FMLA leave.

18. On January 8, 2015, Ms. Anderson emailed Ms. Knight to see if Ms. Knight had received her message. Ms. Knight did not respond.

19. On January 9, 2015, Ms. Anderson again contacted Ms. Knight by telephone. Ms. Anderson left another voicemail message and did not receive a response.

20. Later that day, on January 9, 2015, Concorde terminated Ms. Anderson's employment. Mr. Winston Grandville, Campus Dean, told Ms. Anderson that she was terminated for "job abandonment." Mr. Grandville told Ms. Anderson that this was the only reason for the termination in Concorde's computer system.

21. Under the FMLA, an employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, and FMLA right. 29 U.S.C. § 2615(a)(1). Further, an employer is prohibited from discriminating or retaliating against any employee for exercising her rights under the FMLA. 29 U.S.C. § 2615(a)(2).

22. Here, Concorde violated Mr. Anderson's rights under the FMLA by interfering with her right to take FMLA protected leave and retaliating against her for attempting to take that

FMLA covered leave when Concorde terminated Ms. Anderson's employment. Concorde took this action despite having fully knowledge of Ms. Anderson's need to exercise her rights under the FMLA and without a reasonable, good faith basis for its decision to terminate her employment.

### B. RACIAL DISCRIMINATION

23. Additionally, Concorde permitted a similarly-situated white instructor, Amy Carter, to take FMLA leave without taking any adverse action against her, and Concorde permitted this white instructor to return to work.

24. In treating Ms. Anderson's white counterpart more favorably, Concorde engaged in racial discrimination in violation of 42 U.S.C. § 1981.

### C. COBRA NOTICE VIOLATION

24. Prior to Ms. Anderson's termination and throughout her employment with Concorde, Ms. Anderson and her husband were covered by Concorde's medical, dental, vision and prescription insurance plans. Thus, Ms. Anderson is a participant as defined under 29 U.S.C. § 1002(7).

25. Ms. Anderson's termination on January 9, 2015 constituted a "qualifying event" as defined by 29 U.S.C. § 1163(2).

26. After Ms. Anderson's termination, Concorde failed to inform Defendant Taben Group of Ms. Anderson's qualifying event within the statutorily prescribed thirty day period.

27. After being informed of the qualifying event, Taben Group failed to provide timely and proper notice to Ms. Anderson of their rights under COBRA.

28. Defendants failed to provide Ms. Anderson with continuing health care coverage notice within forty-four (44) days of her termination as required under COBRA.

29. As a result, Ms. Anderson and her husband have been significantly prejudiced and have proceeded without health coverage since Ms. Anderson's termination. Ms. Anderson has incurred significant out of pocket expenses, and her husband has been required to delay treatment because he is not currently insured.

## IV. CAUSES OF ACTION

Plaintiff incorporates the foregoing paragraphs and would state:

30. The actions of Defendant Concorde constitute interference with Plaintiff's FMLA rights and retaliation for attempting to exercise those FMLA rights in violation of 29 U.S.C. § 2615(a)(1) and 29 U.S.C. § 2615(a)(2), as well as any other provision of the FMLA not specifically named which affords protection to Plaintiff.

31. The actions of Defendant Concorde constitute racial discrimination in violation of 42 U.S.C. § 1981.

32. The actions of Defendants Concorde and Taben Group constitute a violation of their obligations under COBRA, 29 U.S.C. § 1166, by not providing to Ms. Anderson timely, proper notice of her continuing health coverage rights after Ms. Anderson's "qualifying event."

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

33. This Court assume jurisdiction in this matter and set this case promptly for trial by jury;

34. That this Court enter a declaratory judgment declaring the actions of Defendant

Concorde to be in violation of the FMLA and COBRA;

35. That this Court enter a declaratory judgment declaring the actions of Defendant Taben Group to be in violation of COBRA;

36. That this Court enter a declaratory judgment declaring the actions of Defendant Concorde to be in violation of 42 U.S.C. § 1981

37. That Plaintiff be awarded money damages in an amount equivalent to her loss of wages (front pay and back pay), salary, employment benefits and other compensation, with interest;

38. That Plaintiff be awarded liquidated damages in an amount equal to her loss of wages, salary, employment benefits and other compensation, with interest, as provided by 29 U.S.C. § 2617(a)(1)(A)(iii);

39. That this Court award compensatory and punitive damages for racial discrimination in violation of 42 U.S.C. § 1981;

40. That this Court award the statutory maximum amount of damages and/or penalties for Defendants' failure to provide timely and proper notice to Plaintiff after her qualifying event in violation of her rights under COBRA;

41. That Defendants be ordered to provide Plaintiff and her husband with all benefits due to them under the terms of their plan and guaranteed by COBRA;

42. That this Court provide injunctive relief instating their health care benefits;

43. That this Court award Plaintiff reasonable attorney's fees, reimbursement for costs and expenses, and any expert witness fees;

44. That Plaintiff be awarded pre-judgment interest and post-judgment interest on all damages awarded to Plaintiff under the FMLA, COBRA, and 42 U.S.C. § 1981; and

40. Plaintiff further seeks any and all other general, equitable and/or monetary relief as deemed just by the Court.

Respectfully submitted,

/s/Bryce W. Ashby
Donald A. Donati - TN #8633
William B. Ryan - TN #20269
Bryce W. Ashby - TN #26179
Janelle C. Osowski – TN #31359
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
901/278-1004 (phone)
901/278-3111 (fax)
bryce@donatilaw.com

Attorneys for Plaintiff